NATTEL, LLC, Plaintiff–Appellant–
Cross–Appellee,

v.

SAC CAPITAL ADVISORS LLC, SAC
Capital Management LLC, SAC Capi-
tal Associates LLC Defendants–Appel-
lees–Cross–Appellants,

Steven A. Cohen, Defendant.

Nos. 05–5149–cv(L), 05–5908–cv(XAP).

United States Court of Appeals,
Second Circuit.

April 12, 2006.

Richard S. Order (Eric D. Beal, Eliza-
beth T. Timkovich, on the brief), Axinn,
Veltrop & Harkrider LLP, Hartford, CT,
for Appellant.

Martin Klotz (Steven H. Reisberg,
Willkie Farr & Gallagher LLP, New York,
NY; Robin G. Frederick, Shipman &
Goodwin LLP, Stamford, CT, on the brief),
Willkie Farr & Gallagher LLP, New York,
NY, for Appellees.

PRESENT: JOSÉ A. CABRANES,
SONIA SOTOMAYOR, Circuit Judges,

and JOHN GLEESON, District Judge.[*]

## SUMMARY ORDER

Plaintiff–Appellant–Cross–Appellee Nat-Tel LLC ("NatTel")—a founder and minority shareholder of Oceanic Digital Communications, Inc. ("ODC")—appeals from a September 16, 2005, 2005 WL 2253756, decision of the District Court dismissing its Third Amended Complaint and denying a cross-motion for Rule 11 sanctions. In its complaint, NatTel alleged, *inter alia,* that Defendants–Appellees–Cross–Appellants SAC Capital Advisors LLC et al. ("SAC")—the majority and controlling shareholder in ODC—breached their fiduciary obligations to minority shareholders, committed trover and conversion, engaged in various fraudulent activities, and breached an oral contract with the principals of NatTel.

The District Court held that, in light of a prior arbitration proceeding, NatTel was precluded from relitigating various issues raised in its complaint, including whether "SAC breached its fiduciary duty to treat NatTel fairly and keep it apprised of corporate decisions, [whether] SAC engaged in corporate self-dealing, and [whether] it made misrepresentations to [NatTel's principals] ... regarding their continued participation in corporate governance." The District Court further held that, under Connecticut's choice-of-law provisions, the law of the Bahamas—where ODC was incorporated—governed this dispute because NatTel's claims involved matters of internal corporate governance. After finding that NatTel could state no claim under Bahamian law, the District Court granted SAC's motion to dismiss the complaint. Finally, the District Court denied SAC's request for Rule 11 sanctions, reasoning

that "while NatTel was not successful in its argument ... [its] argument was not unreasonable."

On appeal, NatTel asserts that the District Court erred in (1) applying collateral estoppel based on a prior arbitration proceeding involving different legal standards, and (2) concluding that under Connecticut choice-of-law provisions, NatTel's claims were governed by the law of the Bahamas, rather than the law of Connecticut. SAC cross-appeals from the District Court's denial of Rule 11 sanctions.

We review *de novo* a district court's decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff. *See, e.g., Conboy v. AT & T Corp.,* 241 F.3d 242, 246 (2d Cir.2001). We review decisions on Rule 11 motions under an abuse of discretion standard, *see Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 57 (2d Cir.2000), recognizing "that the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted," *Schlaifer Nance & Co., Inc. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir.1999).

We need not address the District Court's application of the doctrine of collateral estoppel because even assuming *arguendo·* that NatTel could escape the preclusive effects of the arbitration panel's February 11, 2004 decision, the District Court was correct in concluding that, under Connecticut choice-of-law provisions, Bahamian law would govern NatTel's suit.

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

As the District Court noted, " 'the law of the state of incorporation normally determines issues relating to the internal affairs of a corporation' because '[a]pplication of that body of law achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation.' "  *NatTel, LLC v. SAC Capital Advisors,* No. 3–04CV1061, 2005 WL 2253756, at *9, 2005 U.S. Dist. LEXIS 20179, at *27 (D.Conn. Sept. 16, 2005) (quoting *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba,* 462 U.S. 611, 621, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983)).  This default rule is consistent with provisions in the Restatement (Second) of Conflict of Laws ("Restatement"), which dictate that the local law of the state of incorporation shall apply "to determine the right of a shareholder to participate in the administration of the affairs of the corporation," Restatement § 304, and to determine "[t]he obligations owed by a majority shareholder to the corporation and to the minority shareholders," Restatement § 306.

NatTel argues that in lieu of this approach—which is also referred to as the "internal affairs" doctrine—Connecticut choice-of-law provisions prescribe a "most significant relationship" test which, in the circumstances presented, would point to the application of Connecticut law.  NatTel's argument is unavailing, however, because it is predicated on a misreading of the Connecticut Supreme Court's decision in *O'Connor v. O'Connor,* 201 Conn. 632, 519 A.2d 13 (1986).  That case did not involve a dispute between shareholders regarding the internal affairs of a corporation;  rather, it addressed choice-of-law questions in the context of a tort action brought by a plaintiff who suffered injuries in an automobile accident.  *Id.* at 14.  In discerning the applicable law, the *O'Connor* Court relied on sections of the Re-

statement that do not specifically address disputes between shareholders or matters relating to the internal affairs of a corporation.  *Id.* at 22 (citing Restatement §§ 145, 6).

Taking into account the Restatement's specific provisions concerning shareholder disputes as well as Connecticut case law recognizing the choice-of-law guidelines set forth in the Restatement, *see, e.g., Lowinger v. Century Commc'ns Corp.,* No. X06CV 990153534S, 2000 WL 73581, at *1 (Conn.Super.Ct. Jan.13, 2000) (recognizing that the "internal affairs" doctrine governs disputes arising out of "relationships between and among a corporation's directors, officers, and shareholders"); *Buitekant v. Zotos Corp.,* No. CV94–0135874, 1996 WL 107044, at *3 (Conn.Super.Ct. Feb.20, 1996) ("In general, the law of the State of incorporation is held to govern the liabilities of officers or directors to the corporation and its stockholders.") (citation and internal quotation marks omitted), we hold that the District Court did not err either in discerning Connecticut's choice-of-law rules or in concluding that NatTel's claims are governed by Bahamian law.

Upon our review of the record, and based on our assessment of the reasonableness of NatTel's legal arguments, we further hold that the District Court did not abuse its discretion in declining to impose Rule 11 sanctions against NatTel.

\*      \*      \*      \*      \*      \*

We have considered NatTel's arguments on appeal and SAC's argument on cross-appeal, and found them to be without merit.  Accordingly, the judgment of the District Court is hereby AFFIRMED.